# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE SPEED, | ) | CASE NO. 1:18-cv-1296 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN DOUGLAS FENDER, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr. (Doc. No. 16) recommending dismissal of petitioner Willie Speed's ("Speed") petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. No. 1). Speed filed objections to the R&R. (Doc. No. 18.) As of the date of this order, respondent Warden Douglas Fender ("Fender") has not filed a response to Speed's objections.

For the reasons that follow, Speed's petition is dismissed.

## I.      Background

### A.  Underlying Conviction and State Court Proceedings

In his objection, Speed does not object to the magistrate judge's review of the factual or procedural background concerning this matter, which will be summarized here. On April 22, 2003 in the Cuyahoga County Court of Common Pleas, Speed was indicted on thirteen counts, including rape, kidnapping, aggravated robbery, impersonating a peace officer, intimidation, and possessing criminal tools. (*See* Doc. No. 9-3 at 4.[1]) After a bench trial in August 2003, Speed was acquitted

---

[1] Page number references are to the page numbers assigned each document by the Court's electronic filing system.

of the aggravated robbery charge, found not guilty of the intimidation count, and found guilty of all remaining counts. (*See id*. at 220 –21; Doc. No. 16 at 4.) On October 2, 2003, the trial court found that the prosecutor had met its burden of proving beyond a reasonable doubt Ohio's sexually violent predator specification ("SVP"), and sentenced Speed to nine (9) years to life. (Doc. No. 16 at 4.)

Multiple appeals and petitions for post-conviction relief followed. On August 25, 2005, the court of appeals reversed the trial court's ruling on Speed's post-conviction petitions and remanded the case for a hearing on the issue of ineffective assistance of counsel. (*See id.* at 4–7.) The hearing was delayed by a decade for various reasons. In the interim, the trial court permitted Speed to amend his petition for post-conviction relief, which asserted essentially the same grounds for relief Speed raises in the instant habeas petition. (*Id*. at 6.) The post-conviction hearing, at which Speed was represented by counsel, was commenced on June 3, 2015. The trial court denied the petition and issued the findings of fact and conclusions of law on December 7, 2015. Speed appealed that decision to the court of appeals, but his appeal was dismissed for failure to file a timely, conforming brief. The court of appeals denied Speed's request for reconsideration of the dismissal of his appeal and, on May 31, 2017, the Ohio Supreme Court declined to accept jurisdiction.  (*Id*. at 6–7.)

As summarized by the magistrate judge, Speed also attempted other avenues for relief, including a Rule 60(b) motion for relief from the trial court's December 7, 2015 judgment. The trial court denied the motion and his appeal of that decision was also denied. The Ohio Supreme Court declined jurisdiction. (*See id*. at 7.)

### B.  Federal Habeas Petition

Speed filed the instant habeas petition asserting three grounds for relief:

Ground One: Speed's trial counsel was as ineffective in violation of his constitutional rights under the Sixth and Fourteenth Amendments. In support, Speed states that his trial counsel failed to call an alibi witness (Yolanda Humphrey-Monroe) (or any defense witness at trial), or to interview or call Darren Monroe as a defense witness.

Ground Two: Speed's conviction as a sexually violent predator was not supported by sufficient evidence, in violation of the Due Process Clause of the Fourteenth Amendment. In support, Speed repeats his attorney's legal arguments from his post-conviction proceedings, that is, at the time of his sentencing, Ohio law did not permit the underlying crime upon which he had just been convicted to be used as a predicate offense to support a finding of guilt on Ohio's sexually violent predator specification.

Ground Three: Speed's constitutional rights under the Sixth and Fourteenth Amendments were violated because counsel failed to notify him of his right to appeal after resentencing, resulting in the denial of the opportunity to appeal an adverse sentence. In support, Speed asserts that his lawyer at resentencing on November 15, 2004 failed to file a direct appeal from resentencing or to advise Speed of his right to do so.

In the return of writ, respondent advances multiple arguments for dismissal of each of Speed's three grounds for habeas relief. (*See* Doc. No. 9.) In his traverse, Speed addresses respondent's arguments with respect to Ground One, but stands on his petition with respect to Grounds Two and Three. (*See* Doc. No. 13.)

### C.  Report and Recommendation

After a lengthy analysis, the magistrate judge recommended that Speed's petition be denied as to all three grounds.

With respect to Ground One, the magistrate judge recommends that Speed's ineffective assistance of counsel claim be denied for two primary reasons. First, Speed's claim amounts to a disagreement with his trial counsel about trial strategies and he fails to meet the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). (Doc. No. 16 at 12–16.) And second, the Speed's petition as to Ground One cannot be granted because the state courts adjudicated his ineffective assistance of trial counsel claim during post-conviction state court proceedings and determined that he was not deprived of the effective of assistance of trial counsel and has not demonstrated that the state court's decision was contrary to law, involved an unreasonable application of clearly established law, or was based upon an unreasonable determination of the facts in light of the evidence. (*Id.* at 16–20 (citing among authority 28 U.S.C. § 2254(d).) "'A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair[-]minded jurists could disagree' on the correctness of the state court's decision.'" (*Id.* at 20 (quoting *Harrington v. Richter*, 562 U.S. 86, 101, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).)

As to Ground Two, the magistrate judge also recommends dismissal for similar reasons. The state courts found Speed guilty on the sexually violent predator specification under Ohio law. In order to prevail on his habeas claim concerning this issue, Speed must show that the state court's adjudication of this issue "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]'" or resulted in a decision based upon "'an unreasonable determination of the facts in

4

light of the evidence presented[.]'" (*Id*. at 21–22 (quoting 28 U.S.C. § 2254(d)(1) and (2).) As before, the magistrate judge observes that Speed does not explain how the SVP conviction violates the Due Process Clause of the Fourteenth Amendment, nor does Speed show how his SVP conviction is contrary to or involved an unreasonable application of clearly established federal law or based upon an unreasonable determination of the facts presented to the trial court on the SVP specification. (*Id*. at 22–23.) Thus, the magistrate judge concludes that Speed's mere disagreement with the Ohio Court's interpretation and application of Ohio law does not satisfy the standard required by 28 U.S.C. § 2254(d) to obtain habeas relief with respect to a claim adjudicated by the state courts. (*Id*. at 24–25.)

In Ground Three, Speed again asserts an ineffective assistance of counsel claim, this time with respect to his lawyer at his resentencing on November 15, 2004, who did not appeal, or notify Speed of his right to appeal, the resentencing. But after an extensive analysis, the magistrate judge concludes that this claim also fails because it is procedurally defaulted and Speed has not demonstrated cause and prejudice to excuse his default. (*Id*. at 27 –45.)

### D. Speed's Objections

#### *First objection*

With respect to Ground One, Speed repeats the facts he presented in the petition and his traverse concerning the issue of whether his trial counsel's performance fell below an objective standard of reasonableness by not calling an alibi witness at trial. Speed's counsel believed that the exculpatory nature of the DNA evidence would be sufficient at trial to defend against the rape charges, but Speed believes that the testimony of the alibi witness was necessary for his defense. (*See* Doc. No. 18 at 4.) In addition to failing to call the alibi witness, Speed contends his trial counsel's performance fell below an objective standard of reasonableness because he did not keep

5

Speed informed about important developments in his case.  (*Id*. at 7.) Speed "beg[s] to differ[]" with the magistrate judge's statement that "'[b]eyond disagreement with his trial lawyer and the fact that he lost his case, [Petitioner] never explains how he was deprived of his Sixth Amendment or Fourteenth Amendments right.' . . . [C]ontrary to the Magistrate's findings, Petitioner's claim challenging the effectiveness of trial counsel is a constitutional claim." (*Id*. at 8.)

With respect to the magistrate judge's finding that the state court's ruling on Speed's ineffective assistance of trial counsel claim satisfied 28 U.S.C. § 2254(d), Speed argues as follows:

> [T]he Magistrate's findings that Petitioner failed to show that the State court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law[] is contradicted by the pleadings before the Court. Specifically, the Magistrate [states] that Petitioner has not demonstrated that his trial attorney's performance was unconstitutionally deficient, nor has Petitioner ever demonstrated that there is a reasonable probability that the result of his trial would have been different had he received what he believes to be proper representation. . . . Strickland v. Washington . . . is the clearly established federal law determined by the Supreme Court for judging ineffectiveness of counsel. Based on the standards set forth in Strickland, it cannot be said that Petitioner's counsel was functioning as the counsel guarantee[d] under the Sixth Amendment, and [as already explained in the petition], the State court's adjudication of this issue was contrary to clearly established federal law.

(*Id*. at 8 –9 (citations to the record omitted).)

### *Second objection*

Speed's second objection addresses Ground Two of his petition. Speed argues that the magistrate judge erred by recommending dismissal of his claim concerning Speed's conviction for the sexually violent predator specification on the grounds that this issue "is an interpretation of Ohio law and does not present a federal constitutional claim and that nothing in the state SVP proceeding was out of line to raise constitutional due process concerns." (*Id*. at 9.) In his objection, Speed goes on to review the factual background of his conviction and sentence under Ohio Rev.

Code § 2971.01(H)(1) and, citing *State v. Smith*, 818 N.E.2d 283 (2004), argues that under the statute and Ohio Supreme Court decision,

> the indictment should not have contained the sexually violent predator specification because Petitioner had not been convicted of or pleaded guilty to a sexually violent offense on or after January 1, 1997, and therefore was not subject to being declared a sexually violent predator under R.C. 2971.01(H)(1) in effect in 2003 irregardless [sic] of how the State courts misapplied the statute. Because the Petitioner was not subject to being declared a sexually violent predator, there was insufficient evidence to support such a conviction.

(*Id*. at 10.)

On this basis, Speed contends that the Court should reject the magistrate judge's recommendation as to Ground Two because "due process demands that state law comply with the basic tenets of the United States Constitution . . . under the Fourteenth Amendment[.]" (*Id*.)

### *Acceptance and adoption of portions of the R&R to which no objection has been filed*

The Court accepts and adopts all aspects of the R&R to which Speed has not objected. Among the portions of the R&R to which Speed does not object is the magistrate judge's recommendation that Ground Three of the petition be dismissed. Accordingly, the Court accepts and adopts the magistrate judge's recommendation concerning Ground Three, and Ground Three of Speed's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed.

## II.  Discussion

### A.  Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and

recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, 575 U.S. 312, 315, 135 S. Ct. 1372, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id*. at 316 (internal quotation marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification

that there was an error well understood and comprehended in existing law beyond any possibility for fair[-]minded disagreement.'" *Id.* (quoting *Harrington*, 562 U.S. at 103).

### B. Analysis

#### *Ground One*

Speed's objections to Ground One address both aspects of the recommendation for dismissal of Speed's claim for ineffective assistance of trial counsel. With respect to the first, Speed simply reargues the facts in the petition and traverse regarding trial counsel's decision not to call an alibi witness and disagrees with the magistrate judge's recommendation of dismissal because those facts do not satisfy the *Strickland* standard for ineffective assistance of counsel:

> In recommending dismissing Ground One, the Magistrate Judge surprisingly states, "Beyond disagreements with his trial lawyer and the fact that he lost his case, [Petitioner] never explains how he was deprived of his Sixth Amendment or Fourteenth Amendment rights." [citation omitted] Petitioner beg [sic] to differ.

(Doc. No. 18 at 8.)

In the second half of his objection regarding Ground One (Doc. No. 18 at 8–9), Speed contends that:

> the Magistrate's findings that Petitioner failed to show that the State Court arrived at conclusions opposite to that reached by the Supreme Court on a question of law is contradicted by the pleadings before the Court. Specifically, the Magistrate state's [sic] that Petitioner has not demonstrated that his trial attorney's performance was unconstitutionally deficient, nor has Petitioner ever demonstrated that there is a reasonable probability that the result of his trial would have been different had he received what he believes to be proper representation.

(*Id.*)

Speed then refers to the *Strickland* standard for ineffective assistance of counsel and asserts that:

> it cannot be said that Petitioner's counsel was functioning as the counsel guarantee[d] under the Sixth Amendment, and, as discussed above and more fully explained under Ground One in Petitioner's Petition for a Writ of Habeas Corpus

9

[citation omitted], the State court's adjudication of this issue was contrary to clearly
established law.

(*Id*. at 9.)

The above quotations constitute the entirety of Speed's objection to the magistrate judge's
analysis concerning the federal court's application of 28 U.S.C. § 2254(d)(1) and (2) to habeas
claims adjudicated on the merits in a state court proceeding. Beyond rearguing his position and
expressing disagreement with the magistrate judge's conclusions, Speed does not specifically state
how the magistrate judge erred and, therefore, has not asserted a proper objection under 28 U.S.C.
§ 636(b)(1). *See Aldrich*, 327 F. Supp. 2d at 747.

Even assuming Speed's arguments could be construed as asserting a proper objection, upon
de novo review, the Court concludes that habeas relief cannot be granted as to Ground One because
the state court's adjudication of Speed's ineffective assistance of trial counsel claim was not
contrary to (or involved an unreasonable application of) Supreme Court law or resulted in a
decision based upon an unreasonable determination of the facts before the state court. *See* 28
U.S.C. § 2254(d)(1) and (2).

Speed's appeals and post-conviction motions are numerous, but relevant here is the trial
court's hearing and ruling on Speed's post-conviction claim of ineffective assistance of trial
counsel for failing to call an alibi witness to testify at trial. The trial court commenced the hearing
on June 3, 2015, which continued for several days, and issued findings of fact and conclusions of
law. (*See* Doc. No. 9-2 at 332–55.)

In the trial court's findings of facts and conclusions of law denying Speed's post-conviction
petition concerning ineffective assistance of trial counsel, the trial court applied the Supreme
Court's standard in *Strickland v. Washington* to Speed's claim. That standard requires a showing

that Speed's trial counsel's performance was deficient *and* that the deficiency prejudiced Speed's defense. (*See id*. No. 9-2 at 353.) In conducting this analysis, the reviewing court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonableness and defendant must overcome the presumption that counsel's actions "'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

At a post-conviction petition hearing, the trial court heard testimony from the alibi witness and from Speed's trial counsel. The trial court did not find the alibi witness's testimony to be consistent or credible, and found that trial counsel was told by Speed that he did indeed have sex with the victim during the period of time in which the alibi witness would testify that Speed was at her home repairing her computer. Moreover, trial counsel testified that he did not believe the evidence presented by the State would be sufficient to meet its burden of proving Speed guilty beyond a reasonable doubt because it lacked DNA evidence. (*See* Doc. No. 9-2 at 341–49.) Citing *Nix v. Whiteside*,[2] the trial court concluded that, as a matter of law, counsel's decision not to present alibi testimony he knew to be (or suspected to be) false did not constitute deficient performance under the Sixth Amendment or fall below an objective standard of reasonableness but, rather, constituted a reasonable trial strategy. (*See id*. at 353.) The trial court's application of federal law as decided by the United States Supreme Court was not contrary to law nor an unreasonable application of that law. Nor did the trial court reach this decision based upon an unreasonable

---

[2] 475 U.S. 157, 166–67, 106 S. Ct. 988, 89 L. Ed. 2d 123 (1986) (Sixth Amendment right of criminal defendant to effective assistance of counsel is not violated when trial counsel refuses to cooperate with defendant in presenting perjured testimony at trial).

determination of the facts in light of the evidence presented at the post-conviction petition hearing as set forth in her findings of fact and conclusions of law and summarized herein.[3]

The Court agrees with the recommendation of the magistrate judge that in adjudicating Speed's ineffective assistance of counsel claim, the trial court applied the correct federal law and adduced facts at the hearing which supported her decision that Speed was not deprived of his Sixth Amendment right to effective assistance of counsel because trial counsel did not call an alibi witness. *See McRae v. Jackson-Mitchell*, No. 3:20-cv-168, 2020 WL 5815893, at *6 (S.D. Ohio Sept. 30, 2020) ("[T]he Third District [Court of Appeal] quite reasonably decided that failure to

---

[3] Speed's alibi witness, Ms. Humphrey, testified that Speed was at her home fixing her computer at the time of the alleged rape. Speed's trial lawyer, Mr. Watson testified that Speed told him he had consensual sex with the victim, whom Speed described as a party girl or prostitute, and knew how to have sex without leaving DNA. Mr. Watson testified that when provided with the alibi witness's information, he knew it to be mistaken or false based upon what Speed told him, and that he could not present the alibi testimony at trial. In addition to declining to present alibi testimony that he knew to be false or mistaken, Mr. Watson also testified that he did not present the alibi testimony because the DNA analysis excluded Speed as the source. As a separate matter, the trial court found Ms. Humphrey's testimony at the hearing and affidavit in support of Speed's petition for post-conviction relief to be unreliable and internally inconsistent when compared to the trial transcript and found that Speed's prior sexual assault convictions supported a decision by trial counsel not to present a consent defense or Speed as a witness. (*See* Doc. No. 9-2 at 341–49.) For these reasons, the trial court concluded that the evidence presented by Speed did not overcome the presumption that Mr. Watson's decisions constituted sound trial strategy rather than deficient performance that fell below an objective standard of reasonableness. (*Id*. at 349.)

This Court has examined the transcript of the post-conviction petition hearing and finds that the trial court's findings of fact are supported by the witness's testimony at the hearing. For example, Mr. Watson testified:

> Q. Okay.  So you were aware at the time of trial that Mr. Speed had prior convictions; one for sexual battery and one for rape?
> A. That's correct.
> Q. Okay. And it would not be a good idea to put him on the stand?
> A. That's correct.
> Q. Okay. But Mr. Speed did tell you that he had consensual sex with Ms. Stanley, the victim in this case?
> A. That's correct.
> Q. And he knew how to have sex with someone but not leave DNA behind?
> A. That's correct.
> Q. Did he indicate to you that he knew Mrs. Stanley or they were friends or what the relationship was?
> A. I can't really recollect of how they met or what the relationship was. From what I understand, from his perspective she was kind of a party girl or part-time prostitute.

(Doc. No. 9-5 at 72–73.)

call the alibi witnesses was within reasonable performance parameters of defense counsel. Even if McRae had four witnesses who were prepared to testify he was elsewhere when the victim was murdered, defense counsel might well have believed, based on the evidence of presence that the Third District cited, that the alibis would have been perjurious and of course an attorney has an ethical obligation not to present such testimony.");[4] *see also Hamilton v. Brunsman*, No. 1:09-cv-295, 2010 WL 6618545, at *3 (S.D. Ohio June 10, 2010) ("An attorney's oath binds him to be an officer of the court, not a 'mouthpiece' for whatever his client wants to convey. A lawyer has an ethical/legal obligation not to present false testimony to a court."), *report and recommendation adopted sub nom. Hamilton v. Warden, Lebanon Corr. Inst.*, No. 1:09-cv-00295, 2011 WL 1791683 (S.D. Ohio May 11, 2011).

"Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fair[-]minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington*, 562 U.S. at 131. Based upon its review of the record, including the post-conviction hearing transcript and trial court's findings of fact and conclusions of law, this Court finds no basis for calling into question the law and facts applied by the state court in denying Speed's post-conviction petition for ineffective assistance of counsel, or any basis upon which fair-minded jurists could disagree with the state court's determination.

---

[4] *Supplemented by* 2020 WL 6293155 (S.D. Ohio Oct. 26, 2020), and *report and recommendation adopted,* 2021 WL 488527 (S.D. Ohio Feb. 10, 2021).

Thus, under § 2254(d), this Court may not grant Speed the habeas relief he seeks in Ground One. Speed's objection as to Ground One is overruled. Ground One of Speed's petition for habeas relief is denied and dismissed.

### Ground Two

In Ground Two, Speed contends that his conviction for the SVP specification is not supported by sufficient evidence in violation of his due process rights because, when he was convicted and sentenced in 2003 as a sexually violent predator under Ohio Rev. Code § 2971.01(H)(1), the SVP specification was based upon the same crime underlying the indictment. At the time of Speed's conviction in 2003, the statute provided that: "'Sexually violent predator' means a person who has been convicted of or pleaded guilty to committing, on or after [January 1, 1997], a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." At the time Speed was convicted in 2003, there was a split among Ohio appellate courts concerning the interpretation of the statute as to whether the SVP specification could be satisfied by a contemporaneous conviction. That split was resolved in 2004 by the Ohio Supreme Court in *State v. Smith*, 818 N.E.3d 283 (Ohio 2004), which held that the SVP specification in § 2971.01(H)(1) cannot be based upon a contemporaneous conviction. But the statutory interpretation in *Smith* was short-lived and superseded by statute when the Ohio legislature amended § 2971(H)(1) in HB No. 473 to provide that: "'Sexually violent predator' means a person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." The purpose of the amendment, effective April 29, 2005, was to clarify that Ohio's sexually violent predatory sentencing law does not require that an offender have a prior conviction of a sexually violent offence in order to be sentenced under

14

the law. *See Brown v. Miller*, No. 15-cv-1782, 2018 WL 4625562, at *4 (N.D. Ohio Sept. 27, 2018) (quoting 2004 Ohio Laws File 163 (Am. Sub. H.B. 473)).

The magistrate judge recommended that Ground Two of Speed's petition be denied because the Ohio courts affirmed Speed's SVP convictions and Speed has not shown how those state court decisions satisfy the criteria of § 2254(d) necessary to support this Court's review on habeas. For his objection, Speed simply reasserts the arguments he advanced in his petition. Briefly, Speed's argues that based upon *Smith*, he should not have been convicted and sentenced under the SVP specification based upon a contemporaneous conviction and, therefore, has been denied due process under the Fourteenth Amendment. (*See* Doc. No. 1-1 at 55–57; Doc. No. 18 at 9–11.) Speed's simple disagreement with the magistrate judge and restatement of the arguments in his petition is not a proper objection under the statute. *See Aldrich*, 327 F. Supp. 2d at 747. But to the extent Speed has asserted a proper objection, it is overruled upon de novo review by the Court for the reasons that follow.

On direct appeal, Speed did not raise the issue he raises now. Instead, Speed claimed that his trial counsel was ineffective "with respect to the hearing on whether there was evidence to sustain a finding that Mr. Speed is a sexually violent predator." *State v. Speed*, No. 83746, 2004 WL 2340183, at *8–10 (Ohio Ct. App. Sept. 30, 2004). Speed's argument on direct appeal was that trial counsel was ineffective because counsel stipulated to certain police statements regarding Speed's prior convictions and, had counsel not so stipulated, the remaining evidence was insufficient to support the SVP conviction. But the appellate court determined that regardless of the evidence to which counsel did not object, there was sufficient evidence to support Speed's SVP conviction. (*Id.*) This decision was issued before the Ohio Supreme Court decided *Smith*. Speed advanced his direct appeal to the Ohio Supreme Court. *Smith* was decided in December 2004 while

his appeal to the Ohio Supreme Court was pending. Nothing in the record before the Court indicates that after *Smith* was decided, Speed sought to amend his appeal to the Ohio Supreme Court to raise the issue of the trial court's reliance on his contemporaneous conviction to establish the SVP specification. On March 2, 2005, the Ohio Supreme Court declined jurisdiction over Speed's appeal. *State v. Speed*, 823 N.E.2d 457 (Table) (Ohio 2005).

After the Eighth District Court of Appeals remanded Speed's case to the trial court for a hearing on the issue of whether Speed's trial counsel was ineffective for failing to call an alibi witness (*see State v. Speed*, No. 85095, 2005 WL 2046417 (Ohio Ct. App. Aug. 25, 2005)), the trial court allowed Speed to amend his post-conviction petition to include the issue of the sufficiency of the evidence as to his SVP conviction after the *Smith* decision. As noted above, the trial court held a lengthy hearing and then issued findings of fact and conclusions of law, and found that "Speed's second claim, that he was not a sexually violent predator under the law that was in effect at the time of his offense, is without merit[]" and, because "Speed's notice of appeal to the Supreme Court of Ohio was pending in the court when *Smith* was decided; Speed's appeal was not accepted. Speed's instant challenge to R.C. 2971.01(H)(1) is barred by *res judicata*." (*See* Doc. No. 9-2 at 349 (¶ 60), *id.* at 352 (¶ 74).) Speed appealed the trial court's judgment on his post-conviction petition, but the appeal was dismissed because he failed to file a timely conforming brief.

Then Speed filed a Rule 60(b) motion with the trial court for relief from that court's judgment on his post-conviction petition, which the trial court denied. Speed then appealed that denial to the Eighth District. *See State v. Speed*, No. 105543, 2018 WL 565697 (Ohio Ct. App. Jan 25, 2018).

Reviewing the trial court's decision for abuse of discretion, the court of appeals determined that Speed's claims were barred by res judicata and affirmed the trial court's post-conviction petition judgment, stating:

> Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Patrick*, 8th Dist. Cuyahoga No. 99418, 2013-Ohio-5020, ¶ 7, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 1995 Ohio 331, 653 N.E.2d 226 (1995). In order to overcome the res judicata bar, the petitioner must show, through the use of extrinsic evidence, that he or she could not have appealed the original constitutional claim based on the information in the original trial record. *State v. Combs*, 100 Ohio App.3d 90, 652 N.E.2d 205 (1st Dist.1994). Said another way, issues properly raised in a petition for postconviction relief are only those that could not have been raised on direct appeal because the evidence supporting such issues is outside the record. *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975).

*State v. Jackson*, 8th Dist. Cuyahoga No. 104132, 2017-Ohio-2651, ¶ 53.

> {¶ 8} Speed has not demonstrated that it was impossible for him to raise his issues on direct appeal. In fact, this court had already affirmed Speed's convictions in *Speed I*. Speed claim's [sic] that he was improperly convicted of the sexually violent predator specification. However that conviction has already been affirmed by this court. "It is well recognized that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal." (Citations omitted.) *State v. Roberts*, 8th Dist. Cuyahoga No. 104474, —— N.E.3d ——, ——, 2017 WL 6389117, at *2, 2017 Ohio App. LEXIS 5459, ¶ 5 (Dec. 14, 2017). Therefore, Speed's sole assignment of error is overruled.

*Id.* at *2.

Speed appealed to the Ohio Supreme Court, but that court declined to accept the appeal. *State v. Speed*, 101 N.E.3d 464 (Table) (Ohio 2018).

As the Eighth District noted in denying Speed's appeal of the trial court's Rule 60(b) ruling, there are two type of res judicata. "*Res judicata* bars not only the relitigation of issues actually litigated but also issues 'which could have been raised with respect to that claim.'" *Evans v.*

*Franklin Cnty. Ct. of Common Pleas*, 184 F. Supp. 2d 707, 710 (S.D. Ohio 2001) (citing *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981); *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979)). Speed's post-conviction challenge to the sufficiency of the evidence of his SVP conviction is not framed as an ineffective assistance of counsel claim, but that in light of *Smith*, now superseded by statute, the evidence to convict him of the SVP specification was insufficient. The Eighth District found that with respect to Speed's post-conviction SVP sufficiency claim, "Speed has not demonstrated that it was impossible for him to raise his issues on direct appeal." *Speed*, 2018 WL 565697, at *2. Indeed, respondent argues in the Return of Writ that Ground Two of Speed's petition is procedurally defaulted as the claim "could have been raised on direct appeal. It was not. It is therefore barred by Ohio's doctrine of res judicata as set out in State v. Perry, 10 Ohio St. 2d 175 (1967)." (Doc. No. 9 at 36.)

In Ohio, claims that were or could have been raised on direct appeal are barred by Ohio's doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967).

The Eighth District's res judicata determination rests upon Speed's failure to challenge on direct appeal to the Ohio Supreme Court the sufficiency of his SVP conviction as pertains to consideration of a contemporaneous conviction as a basis for the SVP specification conviction (the issue decided by *Smith*), which direct appeal was still pending when *Smith* was decided. (Additionally, Speed could have also raised the issue in his direct appeal before the Eighth District Court of Appeals.) Speed's failure to follow the "*Perry* rule" with respect to his SVP sufficiency

claim based upon *Smith* constitutes a procedural default that bars federal habeas review by this Court under the test of *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).

In *Maupin*, the Sixth Circuit set forth a four-factor test for determining whether a petitioner has defaulted his habeas claim for failure to follow a state procedural rule in presenting that claim to the state courts:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. … Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138 (internal citations omitted).

All of the *Maupin* factors are satisfied here. Ohio's *Perry* rule is a state procedural rule which Speed failed to comply with by not asserting his SVP sufficiency claim as pertains to the issue decided in *Smith* on direct appeal. Second, the Ohio courts enforced Ohio's res judicate doctrine and barred Speed's claim in his post-conviction proceeding and on appeal. Third, Ohio's *Perry* rule is an adequate and independent state ground upon which to deny federal habeas review. *Seymour v. Walker,* 224 F.3d 542, 554–55 (6th Cir. 2000) (holding that the doctrine of res judicata*,* the Ohio rule which prohibits claims that could have been brought on direct appeal from being raised in post-conviction petition, is an adequate and independent state ground upon which to deny federal habeas review). And finally, Speed was represented by counsel on direct appeal, including his direct appeal to Eighth District Court of Appeals and the Ohio Supreme Court, and he has never asserted a claim for ineffective assistance of appellate counsel or identified any other cause and

prejudice to excuse his default. Accordingly, Ground Two is procedurally defaulted and this Court is barred from considering Ground Two on habeas under *Maupin*. *See e.g. Conway v. Houk*, No. 3:07-cv-345, 2011 WL 847017, at *1 (S.D. Ohio Mar. 8, 2011) (federal court barred by *Maupin* from considering habeas claim as procedural defaulted where petitioner did not raise claim on direct appeal and attempted to raise it in a post-conviction petition and the Ohio court of appeals found the claim to be barred by res judicata, and petitioner's procedural default could not be excused).

To the extent that the Eighth District's language could be construed as finding Speed's appeal barred by res judicata because it had already affirmed the sufficiency of Speed's SVP conviction (as the magistrate judge did), that res judicata determination is entitled to deference under § 2254(d). *See Everitt v. Warden, Chillicothe Corr. Inst.*, No. 1:06-cv-372, 2007 WL 3306580, at *5 (S.D. Ohio Nov. 6, 2007) ("'Adjudicated on the merits' [and entitled to deference under 28 U.S.C. § 2254(d)(1)] has a well-settled meaning: a decision finally resolving the parties' claims, with *res judicata* effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.'") (quoting *Sellan v. Kuhlman,* 261 F.3d 303 (2nd Cir. 2001)). Thus, the Court must limit its review of the Eighth District's res judicata determination as required by § 2254(d). *See Lewis v Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and quotation marks omitted). A federal habeas court does not function as another state appellate court reviewing decisions on state law. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir. 1988) (citation omitted).

The court of appeal's application of Ohio's res judicata doctrine is a matter of state law. Except for repeating that there was insufficient evidence to convict him of the SVP specification, thereby denying him due process, Speed does not explain why the Eighth District's res judicata decision is contrary to or an unreasonable application of federal law, or identify any deficiency in that ruling that meet the criteria under 2254(d)(1) or (2), that would permit federal review of this issue on habeas, and Ground Two is dismissed on this additional basis. *See Barker v. Robinson*, No. 3:19-cv-067, 2019 WL 1672896, at *3 (S.D. Ohio Apr. 17, 2019), ("[Petitioner] objects that the Second District's *res judicata* decision is 'objectively unreasonable.' . . . The objectively unreasonable standard of review in 28 U.S.C. § 2254(d)(1) relates to United States Supreme Court precedent. But [petitioner] cites no Supreme Court precedent that has been thus applied. . . . There is no Supreme Court precedent known to the undersigned which limits state court reliance on state *res judicata* law. Even if the Second District had been wrong about Ohio *res judicata* law . . . that would be an error of state law which cannot be reached in habeas corpus.").[5]

## III.        Conclusion

For the foregoing reasons, Speed's objections are overruled. The Court accepts and adopts the portions of the magistrate judge's report and recommendation to which Speed did not object and accepts and adopts the magistrate judge's recommendation that Speed's petition be denied for the reasons stated in the report and recommendation and for the additional reasons stated herein. Speed's petition is denied and dismissed.

---

[5] *Report and recommendation adopted,* 2019 WL 4646060 (S.D. Ohio Sept. 24, 2019), *reconsideration denied,* 2020 WL 502619 (S.D. Ohio Jan. 31, 2020), and *certificate of appealability denied,* No. 19-4032, 2020 WL 8184915 (6th Cir. Apr. 15, 2020), *cert. denied,* 141 S. Ct. 1240, 208 L. Ed. 2d 630 (2021).

The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). This case is closed.

**IT IS SO ORDERED**.


Dated: September 28, 2021

HONORABLE SARA LIOI
**UNITED STATES DISTRICT JUDGE**